## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**REBECCA LEE RIVERA**,

*Plaintiff,*

v.

**DISCOVER FINANCIAL SERVICES, INC.**,

*Defendant.*

**Case No. 2:24-cv-02006-JDW**

## MEMORANDUM

Rebecca Lee Rivera has tried to assert claims against Discover Bank for alleged violations of the Equal Credit Opportunity Act (ECOA). Despite the opportunity to improve her Complaint, she still has not alleged facts sufficient to survive the pleading stage. Because Ms. Rivera has been unable to plead a plausible claim, I will grant Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint and dismiss her action against Discover with prejudice.

## I.    BACKGROUND

Ms. Rivera filed several actions against Discover, alleging it violated the Equal Credit Opportunity Act's prohibition of discrimination in credit applications and transactions, 15 U.S.C. § 1691(a)(3), by denying her application for credit cards on two separate occasions. She claims Discover cited "delinquencies" on her credit report as reasons for denying her application, but she argues it was within her rights to apply for

credit and that she applied in good faith. Ms. Rivera contends Discover's denials constituted a discriminatory practice because the standards were unjustifiably stringent, and Discover did not uniformly apply the standards. She also claims Discover "violated our binding agreement," but she doesn't specify what agreement (ECF No. 1-2).

Ms. Rivera filed a complaint against Discover Bank (she mistakenly called it "Discover Financial Services") on April 23, 2024, in the Philadelphia Court of Common Pleas. Discover removed the action to this Court and filed a motion to dismiss. I granted that motion and dismissed Ms. Rivera's claims without prejudice. I permitted her to amend her Complaint, which she did on August 12, 2024 (she captions it a "Second Amended Complaint"). Discover moved to dismiss her claims on August 26, 2024, and that motion is ripe for review.

## II.   LEGAL STANDARD

A district court may dismiss a complaint for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss for failure to state a claim upon which relief may be granted, courts must accept as true all well-pleaded allegations of fact in the plaintiff's complaint, and any reasonable inferences that may be drawn therefrom, and must determine whether "under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) (citations omitted).

Courts must liberally construe a document filed *pro se* and "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." *Dluhos v. Strasberg,* 321 F.3d 365, 369 (3d Cir. 2003) (citation omitted). At the same time, *pro se* litigants "must allege sufficient facts in their complaints to support a claim.... At the end of the day, they cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.,* 704 F.3d 239, 245 (3d Cir. 2013).

Accordingly, claims should be dismissed under Rule 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). That said, a court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding a motion to dismiss. *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429–30 (3d Cir. 1997) (citations omitted).

## III.   ANALYSIS

### A.   Plausibility

When I dismissed Ms. Rivera's Complaint, I explained that her claim against Discover under the Equal Access To Credit Act includes a causal element connecting the good faith statutory activity of applying for credit to the adverse action that she claims she suffered. (ECF No. 13 at ¶ 4.) Despite that explanation, Ms. Rivera does not allege in her Amended Complaint that Discover discriminated against her because she exercised

her statutory rights. She alleges that Discover "engaged in unlawful and discriminatory credit evaluation practices in violation of the Equal Credit Opportunity Act." (ECF No. 14 at 9.) But the only factual support she offers for that conclusion is her assertion that Discover's denial of her credit applications was "rendered despite the Plaintiff's credit history not warranting such adverse decisions under ordinary and non-discriminatory credit evaluation practices as required" by the ECOA. (*Id.* at 4). That's a conclusion, not a fact, and there's no supporting basis. It therefore can't support her claim.

When I dismissed Ms. Rivera's Complaint, I also explained that Ms. Rivera needed to include details about any agreement that she had with Discover if she intends to proceed based on her allegation that Discover "violated our binding agreement." (ECF No. 13 at ¶ 6.) She includes that allegation again in her Amended Complaint, but again without any detail.

**B.    Dismissal With Prejudice**

Ms. Rivera's Amended Complaint is her second try at a viable pleading, and it came after getting guidance from me about what she has to do to state a claim. But she's still come up short. Under the circumstances, I do not have to afford Ms. Rivera yet another opportunity to amend her complaint and state a claim. Doing so would be inequitable. Discover has participated in this case, and it should not have to keep defending itself while Ms. Rivera takes more and more bites at the apple to try to

comply with the obligations that I have outlined for her in earlier order. I will

therefore dismiss her complaint with prejudice.

## IV.     CONCLUSION

Ms. Rivera has not cured the pleading deficiencies I've identified in her previous

filing. I will therefore dismiss her claims with prejudice. An appropriate Order follows.

**BY THE COURT:**

_/s/ Joshua D. Wolson_
JOSHUA D. WOLSON, J.

September 30, 2024